PEOPLE, *ex rel.* LEWIS and others, *vs.* DALY and others, judges of the Court of Common Pleas in New York.

Upon an application, by an insolvent and imprisoned debtor, to be discharged from imprisonment, the notice required by the statute (2 *Edm. Stat. at Large*, 29, § 4,) was, by the order made, directed to be published in two papers named, and was required to be given for the 6th of June, 1874, at 11 A.M. The publication of the notice, in one of the papers, was of an application to be made on the *third* of June. *Held*, that upon such a notice the officer had no right to grant a discharge.

That until the publication of the notice was made as directed, and proof of such publication was before the officer, he was without jurisdiction.

*Held*, also, that the right of the creditor to a *certiorari* in such a case, being positively given by the statute, the court had no right to withhold that remedy, notwithstanding the right of appeal from the erroneous order existed.

CERTIORARI to remove proceedings in the New York Common Pleas for the discharge of Isaac

Goldstein, an insolvent and imprisoned debtor. (*S. C.,* *briefly reported,* 4 *Hun,* 641.)

*James R. Adams,* for the relators.

*H. Morrison,* for the respondents.

*By the Court,* DONOHUE, J. Isaac Goldstein, an insolvent and imprisoned debtor, applied to the respondents, judges of the Court of Common Pleas in New York, for a discharge of his person from imprisonment. On the day the order to show cause was returnable, there being no opposition, the order was granted. The proceedings were removed into this court, *by certiorari,* in pursuance of the statute. (2 *Edm. Stat. at Large,* *p.* 50, § 47.)

The relator seeks a reversal, on various grounds; the first of which is that the notice, directed by the 4th section of the act, (*Id., p.* 29,) was, by the order of the judge, to be published in the Daily Register, and in the Albany Evening Journal, and was directed to be given for the 6th of June, 1874, at 11 A.M.; that in fact the publication of the notice in the Daily Register was of an application to be made on the 3d of June, 1874, at 11 A.M., and so the proof before the officer discloses the fact to be.

The relator contends that until the publication of the notice was made as directed, and proof of such publication was before the officer, he was without jurisdiction; and such would seem to be the clear rule, as laid down in 16 *Barb.,* 316. There is no question as to the fact, and it seems equally clear, on the law, that the relator has never had his day in court; and the officer acted without jurisdiction in attempting to dispose of his rights.

It is claimed, on the part of the respondents, that the relators having the right of appeal in the Common

Pleas, the remedy by *certiorari* should be denied them. The statute (2 *Edm. Stat. at Large*, 50, § 47,) is positive as to the relator's rights, and the court has no right to withhold what the statute gives to a party.

The proceedings should be reversed, and the discharge vacated.

Ordered accordingly.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Daniels* and *Donohue,* Justices.]